**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2726
_____

MATTHEW JOHN SHEFFER,
on behalf of himself and all others similarly situated,
Appellant

v.

CENTRE COUNTY; KATHERINE V. OLIVER, Common Pleas Judge;
BRIAN K. MARSHALL, Common Pleas Judge; PAMELA RUEST,
Common Pleas Judge; THOMAS KING KISTLER, Common Pleas Judge;
CARMINE W. PRESTIA, Magisterial District Judge; THOMAS JORDAN,
Magisterial District Judge; CRYSTAL L. HUNDT, Assistant District Attorney;
JEFFERY EBECK, PA State Trooper; STEPHANIE L. COOPER, Attorney
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 4-18-cv-02080)
District Judge: Honorable Matthew W. Brann
_____
Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2020
Before: SHWARTZ, RESTREPO, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 29, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Matthew John Sheffer appeals pro se from the District Court's order dismissing his complaint. We will affirm.

I.

Sheffer is a Pennsylvania prisoner who was previously incarcerated at the Centre County Correctional Facility (CCCF) in Centre County, Pennsylvania. In June 2018, Sheffer filed a complaint in the Court of Common Pleas of Centre County claiming that he was wrongfully denied bail pending trial on sex-based felony charges. In particular, Sheffer alleged that Pennsylvania State Trooper Jeffery Ebeck and Assistant District Attorney Crystal Hundt engaged in ex parte communications with Judge Carmine W. Prestia, and provided misleading information to the judge, to arrive at an "excessive" bail amount of $250,000. Sheffer also alleged that Judge Prestia failed to determine whether he could pay the secured bail and did not provide a written decision in support of his ruling. Sheffer further alleged in the complaint that even though the Centre County Bail Agency later recommended that he be released on supervision, his four subsequent requests for bail modification were refused by, respectively, Judge Prestia, Judge Grine, Judge Thomas King Kistler, and Judge Brian K. Marshall. As relevant to this appeal, Sheffer named as defendants Assistant District Attorney Crystal Hundt and the Court of Common Pleas and Magisterial District Judges involved in the bail proceedings (the "Judicial Defendants").

The matter was removed to the United States District Court for the Middle District of Pennsylvania, where the defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A United States Magistrate Judge recommended that the District Court dismiss Sheffer's claims against ADA Hundt and the Judicial Defendants on the ground that they were immune from suit. The District Court agreed and dismissed Sheffer's claims against those defendants. Sheffer appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review the District Court's dismissal on immunity grounds de novo. See Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000).

## III.

We agree with the District Court's disposition of this case for substantially the reasons stated in the Magistrate Judge's Report and Recommendation. First, the

---

[1] Sheffer's complaint included additional claims against additional defendants. In its order dismissing with prejudice Sheffer's claims against ADA Hundt and the Judicial Defendants, the District Court dismissed without prejudice a number of other claims and allowed him thirty days to amend them. Instead of submitting an amended complaint, however, Sheffer filed a notice of appeal. Although a district court's order dismissing a complaint in part without prejudice is generally not final under 28 U.S.C. § 1291, we have jurisdiction here because Sheffer elected to stand on his complaint. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). As discussed below, on appeal Sheffer challenges the dismissal of his claims against ADA Hundt and the Judicial Defendants only. We deem any objections to the dismissal of his other claims waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

Magistrate Judge correctly concluded that Sheffer's § 1983 claims against ADA Hundt are barred by the doctrine of prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Root v. Liston, 444 F.3d 127, 131 (2d Cir. 2006) (holding that "absolute prosecutorial immunity protects a prosecutor for advocacy in connection with a bail application"). Although this Court has recognized that a prosecutor is not absolutely immune from suit under § 1983 with respect to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings, Yarris v. Cty. of Delaware, 465 F.3d 129, 135 (3d Cir. 2006), the Magistrate Judge correctly concluded that Sheffer's allegations concerning ADA Hundt's participation in his pre-trial arraignment and bail proceedings fall within the scope of her prosecutorial duties.

Second, the Magistrate Judge correctly concluded that Sheffer's § 1983 claims against the Judicial Defendants are likewise barred. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (holding that judges are immune from suit under § 1983 "for monetary damages arising from their judicial acts"); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."). This holds true even if the action "was in error, was done maliciously, or was in excess of his authority . . . ." Stump v. Sparkman, 435 U.S. 349, 356 (1978). To the extent that Sheffer seeks to overcome the immunity bar by asserting that the Judicial Defendants acted in an "administrative or enforcement capacity" with respect to enforcing bail

4

procedures for Centre County, the Magistrate Judge correctly concluded that the bail-related decisions of which Sheffer complained were judicial—not legislative or administrative—actions. See generally Allen v. DeBello, 861 F.3d 433, 439-42 (3d Cir. 2017) (discussing when judges may be sued under § 1983). Lastly, the Magistrate Judge correctly concluded that Sheffer's claim against the Judicial Defendants for injunctive relief was also barred.[2] See Azubuko, 443 F.3d at 303-04 (explaining that injunctive relief against a judicial officer is not available under § 1983 unless a declaratory decree was violated or declaratory relief is unavailable).

Accordingly, the District Court properly dismissed Sheffer's claims against ADA Hundt and the Judicial Defendants.

IV.

We have reviewed Sheffer's remaining arguments on appeal and conclude that they are meritless. We will affirm.

---

[2] Although Sheffer argues on appeal that he also sought declaratory relief against the Judicial defendants, the Magistrate Judge correctly concluded that he did not plead a plausible claim for such relief.